UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DANIEL NIX,

    Defendant.

Case No. CR17-105RSL

SECOND AMENDED PROTECTIVE ORDER

This matter comes before the Court on a motion filed by *pro se* defendant Daniel Nix's standby counsel, Dkt. # 88, which seeks to modify the Amended Discovery Protective Order entered May 10, 2018. The government does not oppose the motion. See Dkt. # 89. Defendant Daniel Nix apparently refused to stipulate to the modification, but he has himself moved to lift the Order in its entirety. See Dkt. # 93. For ease of redaction and provision of certain materials to Mr. Nix, the Court hereby enters the following revised protective order:

## DISCOVERY PROTECTIVE ORDER

**A.    Definitions**

As used in this Order, the term "Protected Information" means any date of birth, Social Security number, driver's license number, bank account number, credit card number, personal identification number, address, telephone number, name and/or location of employment, criminal history record, background check, immigration history/status, and/or any other similar information or number implicating a privacy interest of and belonging to an individual other

SECOND AMENDED PROTECTIVE ORDER - 1

than Daniel Nix, or to a business, partnership, or corporation other than a business, partnership, or corporation of Daniel Nix.

As used in this Order, the term "Protected Material" means any document or other record containing or reflecting Protected Information.

**B.    Permissible Disclosure of Protected Information and Protected Material**

The United States will make available copies of the Protected Material to defense counsel to comply with the government's discovery obligations. Possession of the Protected Material is limited to defense counsel, her investigators, paralegals, assistants, law clerks, and experts ("members of the defense team").

Members of the defense team may not provide copies of the Protected Material to other persons, including Defendant himself. Members of the defense team may review Protected Information and/or Protected Material with Defendant. Defendant may visually inspect and review such documents but shall not be allowed to possess Protected Information (such as unredacted copies of Protected Material, notes, copies, or photographs of such Protected Material containing Protected Information). Defendant may possess documents from which all Protected Information has been redacted.

Members of the defense team may review or discuss the contents of documents containing Protected Material with any prospective witness, as long as they do not share the unredacted documents, or share any Protected Information with any prospective witness.

**C.    Filing**

If any Protected Information or Protected Material is filed in court or otherwise disseminated as part of litigation, the parties shall redact such information prior to filing; unless, based on a party's application prior to filing, the Court finds that an unredacted filing is necessary and appropriate.

**D.    Maintenance**

Members of the defense team shall keep any Protected Material secured whenever the Protected Material is not being used in furtherance of their work in the above-captioned case.

All documents containing Protected Material shall be returned to the United States, or destroyed, once all charges are resolved by dismissal or by final conviction. The provisions of this Order shall not terminate at the conclusion of this prosecution.

**E.	Modification**

The parties agree that this Protective Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order, or by other order of the Court.

DATED this 6th day of July, 2018.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge