UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>DANIEL NIX,<br><br>                Defendant. | Case No. CR17-105RSL<br><br>ORDER DENYING<br>CONTINUANCE AND STAY |

     This matter comes before the Court on defendant's "Declaration of Daniel Anthony Nix and Third Motion for Enlargement of Time to File Dispositive Motions and Motion to Reset Trial Date." Dkt. # 102.

     As the Court has noted in previous orders, defendant was originally charged on April 5, 2017, Dkt. # 1, and trial was set for June 26, 2017, Dkt. # 13. In the fifteen months since then, the Court has continued trial four different times, largely due to a series of uncooperative and obstructive tactics by the defendant. These have included: refusing to engage proceedings because he "d[id] not consent to being surety for the defendant," Dkt. # 103 at 5; claiming he is not the person named in the indictment, Dkt. # 104 at 5; claiming he faces different criminal liability than his identity's "juridical person,"[1] Dkt. # 103 at 2–4; and limiting his participation to recitations of the Lord's Prayer, id. at 4–5; see Matthew 6:9–13 (King James). In addition,

---

[1] A "juridical person" refers to a nonhuman legal entity, like a corporation. See *Person*, Black's Law Dictionary (10th ed. 2014). The Court is not aware of any authority creating different individual criminal liability on this basis, nor has defendant brought any to the Court's attention.

ORDER DENYING CONTINUANCE AND STAY - 1

defendant refused to work with a succession of attorneys appointed to represent him, but he also claimed it was impossible for him to find an attorney who was suitable. The exhaustion of these options finally led the Court to find that defendant would proceed *pro se* because he had, by his conduct, waived his right to counsel. Dkt. # 74; see United States v. Sutcliffe, 505 F.3d 944, 956 (9th Cir. 2007). As a fallback, the Court appointed a fourth attorney, whom defendant could choose to represent him, consult as standby counsel, or ignore if he wished. Dkt. # 74.

Earlier this month, defendant filed a motion to continue. Dkt. # 93. The Court denied a continuance, but granted defendant's request for an extension of the pretrial motions deadline. Dkt. # 100. Defendant again seeks a fifth continuance, this time for six months, or in the alternative a stay so he can petition the Court of Appeals for a writ of mandamus. Whether to grant a continuance is a matter within the Court's discretion and depends on the defendant's diligence, the usefulness of a continuance, the inconvenience of additional delay, and a denial's potential prejudice to the defendant. United States v. Zamora-Hernandez, 222 F.3d 1046, 1049 (9th Cir. 2000). In particular, postponements close to trial are disfavored given the increased inconvenience of resetting trial at such a late stage and the potential that those tactics are done for delay. See United States v. Cook, 487 F.2d 963, 965 (9th Cir. 1973); see also Morris v. Slappy, 461 U.S. 1, 11 (1983) ("[The burden of] assembling the witnesses, lawyers, and jurors at the same place at the same time . . . counsels against continuances except for compelling reasons.")

The defendant presents nothing to change the Court's previous determination that a continuance is not warranted. Defendant has had ample time to prepare for trial and review discovery. Defendant has not shown diligence. Much of the discovery materials he seeks more time to review were available for months with the attorneys he refused to engage. Defendant does not show why another continuance would be useful given this case's history, but it would be yet another inconvenience to resolving this matter. Defendant likewise fails to show how a denial will prejudice him or that potential prejudice would outweigh the factors strongly weighing against another continuance. What is more, defendant's latest motion comes in the context of a pattern of tactics that reveal a refusal to engage in this process in good faith.

ORDER DENYING CONTINUANCE AND STAY - 2

Defendant claims there is exculpatory evidence, including "the IRS Master Files," in addition to the comprehensive discovery the government has provided. The government is of course subject to ongoing statutory and constitutional duties to disclose certain information, see Fed. R. Crim. P. 16, 26.2; 18 U.S.C. § 3500; Brady v. Maryland, 373 U.S. 83, 104 (1963), but defendant does not sufficiently show there is particular undisclosed evidence that is material to his defense, see United States v. Little, 753 F.2d 1420, 1445 (9th Cir. 1984); Fed. R. Crim. P. 16(a)(1)(C).

Finally, the Court declines to stay these proceedings pending an interlocutory appeal to the Ninth Circuit. Defendant has not filed an appeal, and it is not clear there would be jurisdiction for one until there is a final judgment in this case. See United States v. Pace, 201 F.3d 1116, 1119 (9th Cir. 2000).

For the foregoing reasons, defendant's motion, Dkt. # 102, is DENIED.

DATED this 30th day of July, 2018.

Robert S. Lasnik
United States District Judge