UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>  v.<br>DANIEL NIX,<br><br>    Defendant. | Case No. CR17-105RSL<br><br>ORDER DENYING MOTION<br>FOR RECUSAL |

This matter comes before the Court on defendant's "Verified Motion for Disqualification of Judge for Appearance of Bias, Prejudice, Bent of Mind in Violation of Religious Exercise and Direct Financial Interest." Dkt. # 129. Section 144 of Title 28 of the United States Code provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

28 U.S.C. § 144. In addition, 28 U.S.C. § 455 states in relevant part, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). Put another way, "[a] judge is required to recuse himself under 28 U.S.C. §§ 144, 455 if an objectively reasonable person informed of the facts would conclude that the judge's impartiality might reasonably be questioned were the judge to continue to hear the

ORDER DENYING MOTION FOR RECUSAL - 1

case." Denardo v. Municipality of Anchorage, 974 F.2d 1200, 1201 (9th Cir. 1992). A litigant may not, however, use the recusal process to remove a judge based on adverse rulings in the pending case. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

The Court finds nothing in Mr. Nix's motion or the record suggesting the Court's impartiality can reasonably be questioned. Defendant previously moved for recusal based on impartiality and "bent of mind." Dkt. # 87. The Court denied that motion, Dkt. # 90, which Chief Judge Ricardo S. Martinez affirmed, Dkt. # 94. Defendant has again moved for recusal and in this motion raises two new grounds. First, he alleges the Court and its officers "have participated in the issuing and trading of undisclosed counterfeit securities." Dkt. # 129 at 2, 7. "[F]inancial interests in the subject matter in controversy or in a party to the proceeding," 28 U.S.C. § 455, require a judge to recuse, see In re Cement Antitrust Litig. (MDL No. 296), 688 F.2d 1297, 1308 (9th Cir. 1982), but the party seeking recusal bears the burden of proving facts to justify it, Denardo, 974 F.2d at 1201. Defendant does not allege any financial interests concerning him or the subject matter at issue. Even if he did, he does not prove facts justifying recusal. See id.

Second, defendant alleges that statements during in-court proceedings reveal bias or impartiality on the Court's part. Recusal for reasons of bias or impartiality require that a judge's impartiality might *reasonably* be questioned. See Yagman, 987 F.2d at 626. Defendant appears to question the Court's impartiality because he disagrees with the Court's rulings and the Court's refusal to entertain frivolous objections. The statements defendant cites are merely the Court's attempts to impart the seriousness of these proceedings and to get him to engage these proceedings earnestly and in good faith. The Court is more than willing to entertain any legitimate defenses and objections defendant wants to raise, but he must base them on cognizable legal authorities and explain them like a normal litigant.

The Court concludes that recusal is not warranted. Defendant's motion, Dkt. # 129, is DENIED. Before the Court can proceed to resolution of this matter's pending issues, however, LCR 3(f) requires that the matter be referred for review. The Clerk of Court is accordingly directed to refer this motion to Chief Judge Ricardo S. Martinez for review.

ORDER DENYING MOTION FOR RECUSAL - 2

DATED this 1st day of August, 2018.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR RECUSAL - 3