# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR17-105RSL |
|---|---|
| Plaintiff, | ORDER ON REVIEW OF SECOND MOTION FOR RECUSAL |
| v. | |
| DANIEL NIX, | |
| Defendants. | |

On June 18, 2018, Defendant Daniel Nix filed a Motion seeking recusal of the Honorable Robert S. Lasnik in this matter. Dkt. #87. On June 22, 2018, Judge Lasnik issued an Order declining to recuse himself and, in accordance with this Court's Local Rules, referred that decision to the Chief Judge for review. Dkt. #90; LCR 3(e). On June 29, 2018, the undersigned issued an Order on Review affirming the denial of recusal. Dkt. #94. This matter comes before the Court on Defendant's second Motion for Recusal. Dkt. # 129.

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the

matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

Mr. Nix's new grounds for recusal can be described as: a) baseless accusations that Judge Lasnik and the Court "have participated in the issuing and trading of undisclosed counterfeit securities," Dkt. #129 at 2, and b) accusations that in-court statements or rulings from Judge Lasnik reveal improper bias or impartiality. The Court finds that the first set of accusations are without factual support and meritless. The second set of accusations are like those previously addressed by this Court; Mr. Nix again essentially argues Judge Lasnik cannot be impartial because of prior adverse rulings. For example, Mr. Nix points to potential rulings on motions in limine and Judge Lasnik's in-court statements critiquing Mr. Nix's legal arguments, refusing to entertain frivolous objections, and otherwise attempting to control the flow of proceedings in the courtroom. Such statements are not sufficient cause for recusal. *See Studley, supra*. In any event, Judge Lasnik's statements do not create an appearance of impartiality. Mr. Nix's remaining arguments are factually unsupported or legally baseless. Mr. Nix presents nothing to reasonably question Judge Lasnik's impartiality.

Accordingly, the Court hereby finds and ORDERS that Judge Lasnik's second refusal to recuse himself from this matter is AFFIRMED.

///

///

DATED this 2nd day of August, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER