# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL NIX,

    Defendant.

Case No. CR17-105RSL

ORDER REGARDING VARIOUS PRETRIAL MOTIONS

This matter comes before the Court on various pretrial motions filed by defendant Daniel Nix. In two motions, Mr. Nix challenges the Court's original jurisdiction to hear this case. Dkts. ## 115, 128. To the extent Mr. Nix argues that the criminal laws he is charged with violating exceed Congress's constitutional authority, that argument is meritless. Congress has the constitutional authority to collect taxes. U.S. Const. art. I § 8 (providing "[t]he Congress shall have Power To lay and collect Taxes"). Congress also has the power "[t]o make all Laws which shall be necessary and proper for carrying into Execution [its enumerated] Powers." Id. That includes the authority to enact criminal laws to enforce statutes enacted under the taxing power, see United States v. Comstock, 560 U.S. 126, 134 (2010), in particular the tax-related criminal statutes Mr. Nix is charged with violating.

Mr. Nix argues that the federal criminal law's application is limited only to the District of Columbia and other areas of exclusive federal jurisdiction. See Dkt. # 115. The Court rejects that argument. Indeed, one of the cases Mr. Nix cites explicitly refers to "statute[s] . . . of universal application within the territorial limits of the United States . . . [that are] not limited to those portions which are within the exclusive jurisdiction of the national government, such as

ORDER REGARDING VARIOUS PRETRIAL MOTIONS - 1

the District of Columbia." Caha v. United States, 152 U.S. 211, 215 (1894). The laws Mr. Nix is charged with violating are of universal application throughout the United States.

Mr. Nix seems to argue that the Supreme Court has original jurisdiction over this matter because he is an "ambassador" within the meaning of Article III of the Constitution, which provides that "[i]n all Cases affecting Ambassadors, other public Ministers and Consuls . . . the supreme Court shall have original Jurisdiction." U.S. Const. art. III § 2. Mr. Nix implies he qualifies as an "Ambassador for Christ." See Dkt. # 130. "Manifestly, [the original-jurisdiction clause] refers to diplomatic and consular representatives accredited to the United States by foreign powers." Ex parte Gruber, 269 U.S. 302, 303 (1925). Mr. Nix is not such a representative and his criminal charges are properly adjudicated in this Court.

Finally, there is no other reason the Court lacks jurisdiction to adjudicate the alleged violation of a federal criminal law committed in this federal district. See 18 U.S.C. §§ 3231, 3232. For these reason, the Court rejects Mr. Nix's jurisdictional challenges.

Mr. Nix also filed a motion *in limine* seeking to exclude the testimony of William C. Kerr. Dkt. # 109. The government expects Mr. Kerr to testify regarding the fictitious nature of financial instruments at the heart of Counts 14 to 24. See Dkt. # 132. Mr. Nix first takes issue with Mr. Kerr's qualifications. Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The government asserts that Mr. Kerr's testimony is based on his experience with and knowledge of financial instruments and the United States banking system. "If the witness is relying solely or primarily on experience, then the witness must explain how that

experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's note to 2000 amendments. Mr. Kerr has extensive experience related to fraud in the banking industry, consulting on fraud-related banking matters, and testifying as an expert in that capacity. See Dkt. # 132-1. The Court concludes that Mr. Kerr's background adequately qualifies him to testify about the authenticity of the financial instruments at issue.

Mr. Nix takes issue with Mr. Kerr potentially testifying to Mr. Nix's state of mind related to the financial instruments. The government represents that Mr. Kerr will not testify to Mr. Nix's state of mind. See Dkt. # 132 at 4. For these reasons, the Court will not exclude Mr. Kerr's testimony and will address any potential opinions on Mr. Nix's state of mind at trial.

For the foregoing reasons, Mr. Nix's motions challenging the Court's jurisdiction, Dkts. ## 115, 128, are DENIED. Mr. Nix's motion *in limine* to exclude Mr. Kerr's expert testimony, Dkt. # 109, is DENIED. The additional pending motions will be resolved in future orders or in-court rulings with the parties before the Court.

DATED this 3rd day of August, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge