1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

UNITED STATES OF AMERICA,

                Plaintiff,

          v.

DANIEL NIX,

               Defendant.

Case No. 2:17-CR-105-RSL

ORDER DENYING MOTION
FOR IN CAMERA REVIEW

15
16
17

     This matter comes before the Court on defendant Daniel Nix's "*Ex Parte* Motion for *In Camera* Review of Evidence in Support of Motion for Retrial and Motion to Seal All Documents Attached Hereto Pursuant to LCR 55(c)." Dkt. #195.

18
19
20
21
22
23
24
25
26

     On August 10, 2018, defendant was found guilty of nine counts of attempted evasion of payment of taxes for the tax years 1998 and 2000-2007, four counts of attempted evasion of assessment of taxes for the tax years 2010-2013, eleven counts of presentation of fictitious financial obligations, and one count of corrupt interference with the administration of the Internal Revenue Code. Dkt. #174. At trial, the government introduced as evidence eleven fictitious money orders, purporting to be payments for defendant's tax debt, that were mailed to the Internal Revenue Service ("IRS") on defendant's behalf ("the Money Orders"). See Trial Tr. Day 3 [Dkt. #182] at 396; see Dkt. #189 at 2.

27
28

     Defendant filed a motion for a new trial on September 12, 2018, based on allegedly newly discovered evidence that he claims shows that the Money Orders are not fictitious and

have been deposited by the government in various financial funds. Dkt. #179. Defendant claims that, after the trial, he was able to find a confidential source who uncovered this information. See Dkt. #190 at 2. In his motion and reply, defendant simply lists out these allegations and provides some details of the financial funds in which he claims the deposits were made, without any supporting information or documentation. See Dkt. #179 at 3–7, see Dkt. #193 at 15–38. At oral argument, on November 8, 2018, defendant was informed that his motion would be denied if he failed to present any new evidence beyond his own declarations of wrongdoing. See Dkt. #194. In response to defendant's concerns with revealing the identity of his source, the Court invited defendant to file an *ex parte* motion for an *in camera* review of his evidence. Defendant agreed, and filed the present motion on November 13, 2018. Dkt. #195.

However, the evidence that defendant submitted for *in camera* review contains no new or confidential information. Along with several documents that are already on record, defendant submitted a declaration, allegedly prepared by his source, with the name and signature redacted. It adds nothing to defendant's previous filings. See Dkt. #179; see Dkt. #190. In the absence of any disclosure of the source's identity, there is no reason for the Court to hold an *in camera* hearing. See Bigelow v. Nw. Tr. Servs., Inc., No. C14-5798BHS, 2016 WL 2758204, at *2 (W.D. Wash. May 12, 2016) ("Generally, the Court will only engage in such [an *in camera*] review for privileged or confidential matters.").

For all the foregoing reasons, defendant's motion for an *in camera* review is DENIED.

To assist defendant in his appeal, his motion to seal the attached documents is GRANTED, and they are filed under seal as exhibits to this order.

DATED this 21st day of November, 2018.

*Mk S Lasnik*

Robert S. Lasnik
United States District Judge