# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL NIX,

    Defendant.

Case No. 2:17-CR-105-RSL

ORDER DENYING MOTION FOR A NEW TRIAL

This matter comes before the Court on defendant Daniel Nix's motion for a new trial. Dkt. #179. A grand jury returned a 25-count indictment against defendant on April 5, 2017. Dkt. #1. On August 10, 2018, defendant was found guilty of nine counts of attempted evasion of payment of taxes for the tax years 1998 and 2000-2007, four counts of attempted evasion of assessment of taxes for the tax years 2010-2013, eleven counts of presentation of fictitious financial obligations, and one count of corrupt interference with the administration of the Internal Revenue Code. Dkt. #174.

At trial, the government introduced as evidence eleven money orders, purporting to be payments for defendant's tax debt, that were mailed to the Internal Revenue Service ("IRS") on defendant's behalf ("the Money Orders"). See Trial Tr. Day 3 [Dkt. #182] at 396; see Dkt. #189 at 2. William C. Kerr, an "expert on financial fraud and fictitious instruments," was called as one of the government's witnesses. See Trial Tr. Day 3 [Dkt. #182] at 410. Mr. Kerr testified that the Money Orders were fictitious. See id. at 416–17, 425–27. Defendant also admitted that

ORDER DENYING MOTION FOR A NEW TRIAL - 1

they were fictitious. See Trial Tr. Day 4 [Dkt. #183] at 600. ("… [H]e [Gordon Hall] ended up sending off an envelope full of paperwork that included what they're calling fictitious money orders, which I don't disagree with that.").

Defendant filed a motion for a new trial on September 12, 2018. This is based on allegedly newly discovered evidence that shows that the Money Orders were not fictitious, as they have been monetized by the government and deposited in various financial funds. Dkt. #179. Defendant claims that, after the trial, he was "able to find a confidential source [who] [had] appropriate access to the necessary banking screens and … was willing to research the instruments and provide such research data… under a private trust agreement that include[d] strict confidentiality and non-disclosure of the confidential source." See Dkt. #190 at 2. This source allegedly used "the instrument numbers and personal identifying information of [defendant] to search the banking system…" and locate the Money Orders. See id. at 2-3. Defendant also submitted a "Notice of and Assignment of Claim in Subrogation and Demand for Deposition of Charges," purporting to assign to the government all of his alleged property interests in these financial funds. Dkt. #193.

On a defendant's motion, a "court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Cr. P. 33(a). A motion "grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Id. To prevail on the motion, the defendant must satisfy a five-part test: "(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal." United States v. Harrington, 410 F.3d 598, 601 (9th Cir. 2005) (quoting United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir. 1991)).

Defendant fails to satisfy this test. In his motion and reply, defendant merely makes unsubstantiated assertions regarding the deposit of the Money Orders in various financial funds, without any supporting documentation. See Dkt. #179; Dkt. #190; see LCrR 12(b). As the

ORDER DENYING MOTION FOR A NEW TRIAL - 2

government points out, this hardly constitutes "evidence" of the sort contemplated by Federal Rule of Criminal Procedure 33(a) in the first place. See Dkt. #189 at 3. The government in fact requested defendant to furnish more details in a letter dated September 13, 2018, but he failed to do so. See Dkt. #189-1; Dkt. #189-2. He was even given the opportunity to submit more evidence in support of his motion and have it reviewed *in camera*,[1] but responded only with more unsubstantiated allegations and a purported declaration by the financial professional who undertook the search for the Money Orders with the name and signature redacted. See Dkt. #198. Even had the identity of the professional been disclosed, his or her declaration would have added nothing new. It contains no explanation of how the search was performed, and attaches no documentary evidence. Defendant certainly need not prove his claims in their entirety at this stage, but he furnishes no basis for them at all. See for e.g. United States v. Hinkson, 585 F.3d 1247 (9th Cir. 2009) (defendant submitted two signed affidavits in support of a motion for new trial); United States v. McKinney, 952 F.2d 333 (9th Cir. 1991) (defendant submitted letters from a juror and an investigator's interview with the juror as evidence of juror misconduct).

Regardless, even if defendant were able to substantiate his allegations, he would not be entitled to a new trial. First, defendant admits that he discovered that three of the Money Orders had been deposited on August 2, 2018, and that he filed a Claim of Subrogation with the Court in that regard on the same date, Dkt. #143. See Dkt. #179 at 8. The trial took place between August 6, 2018 and August 10, 2018. Defendant's information with regard to three of the Money Orders, at least, is not "newly discovered," and cannot give rise to a new trial. See Fed. R. Cr. P. 33(a); see McKinney, 952 F.2d at 334 ("… [T]he motion was based on evidence that was known to [the defendant] before his conviction. The evidence was not discovered after the trial, meaning after the verdict was received, and therefore it is not newly discovered.").

---

[1] This was because defendant expressed concerns with maintaining the confidentiality of his source. See Dkt. #194.

ORDER DENYING MOTION FOR A NEW TRIAL - 3

Defendant claims that he discovered the deposit of the eight remaining Money Orders sometime in the week prior to the filing of the Motion. See Dkt. #179 at 8. This information may be "newly discovered," but it does not satisfy the remaining factors of the test for a new trial.

On the second prong, defendant does not show that the failure to discover the deposit of the eight Money Orders sooner was not the result of a lack of diligence on his part. See Harrington, 410 F.3d at 601 (affirming denial of a new trial where "[a]ny failure to discover the evidence … reflect[ed] a lack of due diligence on [defendant's] part."). There is no explanation for why he was able to discover information pertaining to three of the Money Orders but not the remaining eight prior to trial. This is also particularly and glaringly inconsistent with his claim that all of the information is the result of a search performed by a financial professional *after* the trial. See Dkt. #190 at 2 ("After [defendant] was convicted… [he] was able to find a confidential source that has the appropriate access to the necessary banking screens and [who] was willing to research the instruments and provide such research data."). His assertion that his failure was the "direct and proximate result of the Government's concealment of this evidence… [and] the Court's involvement, participation, and failure to allow [defendant] his right of discoverable information as requested" is entirely unexplained and unsubstantiated. Dkt. #179 at 9.

On the third prong, the information on which defendant relies is not cumulative or impeaching. See Hinkson, 585 F.3d at 1266 (affirming the denial of a motion for a new trial in part because "… the information … was cumulative of information in previously proffered evidence… [and] the "newly discovered" evidence served only to impeach [a witness's] testimony…"). On the fourth prong, the information—if substantiated—may be material to the issues at trial in showing that the government in some way monetized the Money Orders.

However, on the fifth prong, defendant has failed to show that the information would probably result in an acquittal. This is especially so given that the defendant himself admitted that the Money Orders were fictitious at trial. See Dkt. #183 at 600; see Harrington, 410 F.3d at 601 ("Even if the new evidence could be considered marginally material, [the defendant] cannot show that a new trial would probably result in acquittal… a new trial in this case, even with the

evidence now proffered, probably would result in [a] conviction.") (citing <u>United States v. Kulczyk</u>, 931 F.2d 542, 548–49 (9th Cir. 1991)); see <u>United States v. Berry</u>, 624 F.3d 1031, 1043 (9th Cir. 2010) ("… [T]he new evidence would not "probably" result in an acquittal if a new trial were granted… The district court did not abuse its discretion by finding that [the] new evidence would not have made any difference in the outcome of [the] trial.").

For all the foregoing reasons, defendant's motion is DENIED.

DATED this 21st day of November, 2018.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR A NEW TRIAL - 5