UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL NIX,<br><br>　　　　　　　Defendant. | Case No. CR17-105RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's *pro se* "Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018." Dkt. #250.[1]  Having reviewed the memoranda of the parties and the record contained herein, the Court finds as follows:

**I.　BACKGROUND**

Defendant is a 60-year-old inmate currently incarcerated at the Federal Correctional Institution ("FCI") Sandstone in Minnesota.  In August 2018, defendant was convicted by jury of attempted evasion of payment of taxes in violation of 26 U.S.C. § 7201 (Counts 1-9), attempted evasion of assessment of taxes in violation of 26 U.S.C. § 7201 (Counts 10-13), presentation of fictitious financial obligations in violation of 18 U.S.C. § 514 (Counts 14-24), and corrupt interference with the administration of the internal revenue code in violation of 26

---

[1] As an initial matter, the Court finds there are compelling reasons to permit the filing under seal of Exhibit A to the government's response brief and accordingly GRANTS the government's motion to seal (Dkt. #255).

ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE - 1

U.S.C. § 7212 (Count 25). See Dkt. #174. On December 7, 2018, defendant was sentenced to 60 months' imprisonment with five years of supervised release. Dkt. #212. The Court also imposed restitution in the amount of $851,904.94. Id. Defendant began his term of imprisonment in June 2019, and he is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on September 23, 2023.

On August 10, 2020, defendant filed the instant motion, seeking compassionate release under 18 U.S.C. § 3582(c) based on (1) his age, which he alleges places him at higher risk for complications if he contracts COVID-19 while incarcerated, and (2) his domestic partner's breast cancer diagnosis. Dkt. #250.

## II.   DISCUSSION

The compassionate release statute provides narrow grounds for defendants in "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C. § 3582(c). The First Step Act of 2018 amended the procedural requirements governing compassionate release. See id. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. The Director rarely filed such motions. See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress amended the statute to allow defendants to directly petition district courts for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the

> factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>>
>> (ii) . . .
>
> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

As an initial matter, before the Court can consider the merits of defendant's motion, it must determine whether he has met the statutory exhaustion requirement for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). Defendant bears the burden of establishing this requirement. See, e.g., United States v. Van Sickle, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases). Defendant admits that he has not filed a request with the BOP warden, but he urges the Court to disregard the exhaustion requirement in light of the "urgency" of his motion. See Dkt. #250 at 11-17. Defendant has not persuaded the Court to do so. See, e.g., United States v. Fuller, No. CR17-0324JLR, 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020) (collecting cases and emphasizing that courts within this District and in the Ninth Circuit that have considered "whether district courts may create an exception to § 3582(c)(1)(A)(i)'s 30-day exhaustion requirement on the basis of the COVID-19 pandemic— have near unanimously concluded that failure to exhaust administrative remedies is fatal to a compassionate release petition even in light of the urgency created by COVID-19"). "Because defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief under § 3582(c)(1)(A)(i)." United States v. Eberhart, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020). Accordingly, defendant's motion must be DENIED.

### III.  CONCLUSION

For all the foregoing reasons, defendant's motion for compassionate release (Dkt. #250) is DENIED without prejudice to re-filing once he complies with the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A). Before the Court will consider the merits of defendant's motion, he must show that (1) he "has fully exhausted all administrative rights to appeal a

ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE - 3

failure of the [BOP] to bring a motion on [his] behalf," or (2) thirty (30) days have lapsed since the receipt of his compassionate release request by the warden of FCI Sandstone. [2]  28 U.S.C. § 3582(c)(1)(A).

IT IS SO ORDERED.

DATED this 31st day of August, 2020.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[2] The government's motion to seal Exhibit A to its response (Dkt. #255) is GRANTED.

ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE - 4