UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL NIX,<br><br>Defendant. | Case No. CR17-105RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on defendant's *pro se* "Motion for Reconsideration of Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582[(c)](1)(A) and the First Step Act of 2018." Dkt. # 264. Having reviewed the memoranda of the parties and the record contained herein, the Court finds as follows:

**I.   BACKGROUND**

Defendant is a 61-year-old inmate currently incarcerated at the Federal Correctional Institution ("FCI") Sandstone in Minnesota. In August 2018, defendant was convicted by jury of attempted evasion of payment of taxes in violation of 26 U.S.C. § 7201 (Counts 1–9), attempted evasion of assessment of taxes in violation of 26 U.S.C. § 7201 (Counts 10–13), presentation of fictitious financial obligations in violation of 18 U.S.C. § 514 (Counts 14–24), and corrupt interference with the administration of the internal revenue code in violation of 26 U.S.C. § 7212(a) (Count 25). See Dkt. # 174. On December 7, 2018, the Court sentenced defendant to 60 months' imprisonment with five years of supervised release. Dkt. # 212. The Court also imposed restitution in the amount of $851,904.94. Id. Defendant began his term of

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 1

imprisonment in June 2019, and he is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on September 23, 2023. Dkt. # 254 at 2.

On August 10, 2020, defendant filed a motion seeking compassionate release under 18 U.S.C. § 3582(c) based on (1) his age, which he alleged placed him at higher risk for complications if he contracts COVID-19 while incarcerated, and (2) his domestic partner's breast cancer diagnosis. Dkt. # 250. The Court denied defendant's motion for compassionate release on August 31, 2020 because defendant failed to satisfy the exhaustion requirement. Dkt. # 258. Defendant initially filed a notice of appeal of the Court's order denying relief but then voluntarily dismissed the appeal and filed the instant motion for reconsideration. Dkts. # 259, # 261, # 263, # 264. Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1).

## II. LEGAL FRAMEWORK

The compassionate release statute provides narrow grounds for defendants in "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C. § 3582(c). The First Step Act of 2018 amended the procedural requirements governing compassionate release. See id. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. The Director rarely filed such motions. See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress amended the statute to allow defendants to directly petition district courts for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> (ii) . . .
>
> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

Prior to passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. See 28 U.S.C. § 994(t). Section 994(t) provides,

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in [18 U.S.C. § 3582(c)(1)(A)], shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 3

(1)(A) Extraordinary and compelling reasons warrant the reduction;

. . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

**Commentary**

**Application Notes:**

1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) **Medical Condition of the Defendant**—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 4

      (C) **Family Circumstances.**—

         (i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.

         (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

      (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

> This policy statement shall not be construed to confer upon the
> defendant any right not otherwise recognized in law[.]

U.S.S.G. § 1B1.13.[1]

### III. DEFENDANT'S CIRCUMSTANCES

#### a. Exhaustion Requirement

The Court previously denied defendant's motion for compassionate release on August 31, 2020 because defendant failed to satisfy the exhaustion requirement. Dkt. # 258. Prior to considering the merits of a defendant's motion for compassionate release, the Court must consider whether he has met the statutory exhaustion requirement for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). Defendant bears the burden of establishing this requirement. See, e.g., United States v. Van Sickle, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases). At the time defendant filed his initial motion in August of 2020, he admitted that he had not filed a request with the Warden at FCI Sandstone. Dkt. # 250. In the instant motion, defendant newly asserts that on October 29, 2020, he filed a request for compassionate release with the Warden at FCI Sandstone. Dkt. # 264 at 3. Upon reviewing defendant's exhibit documenting this request, through which he sought compassionate release based on "[his] wife having cancer and nobody to aid her with treatments," Dkt. # 264 at 16, the lapse of time supports finding that defendant has exhausted the administrative remedies available for this request related to his wife's health crisis.[2] Nevertheless, the Court finds that

---

[1] For the reasons set forth in detail in United States v. Van Cleave, Nos. CR03-247-RSL, CR04-125-RSL, 2020 WL 2800769, at *3-5 (W.D. Wash. May 29, 2020), "the Court finds the guidance of U.S.S.G. § 1B1.13 persuasive, but not binding." Id. The Court will exercise its discretion to consider "extraordinary and compelling" circumstances that may exist beyond those explicitly identified by the Sentencing Commission in its outdated policy statement. Id.

[2] Although defendant's motion for reconsideration reiterates another argument made in his initial motion for compassionate release regarding defendant's age and vulnerability to COVID-19, Dkt. # 264 at 8, the request he filed with the Warden did not mention any concerns related to his health. The Court therefore finds that defendant has not exhausted this ground for compassionate release. See United States v. Williams, No. 20-2404, 2021 WL 486885, at *2 (7th Cir. Feb. 10, 2021) (concluding that it would undermine the purpose of exhaustion if the court did not require an inmate to present the same or similar ground for compassionate release in a request to the BOP as in a motion to the court).

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 6

defendant has failed to demonstrate that the relief he seeks is warranted here, and the Court finds no manifest error in its prior ruling denying relief.

### b. "Extraordinary and Compelling" Circumstances

Defendant's motion for compassionate release is based primarily on the health crisis of his life partner. Defendant's motion appears to acknowledge that he must demonstrate that he is the only available caregiver for his partner. See Dkt. # 264 at 5 ("For these requests, the inmate should demonstrate that the inmate is the only available caregiver for the spouse or registered partner, meaning there is no other family member or adequate care option that is able to provide primary care for the spouse or registered partner."); U.S.S.G. § 1B1.13 cmt n. 1(C)(ii) ("The incapacitation of the defendant's spouse or registered partner when the defendant would be the *only* available caregiver for the spouse or registered partner." (emphasis added)). The Court finds that the record does not support the conclusion that defendant is the only available caregiver, however. The government's response and probation's memorandum assert that defendant's partner has two adult daughters, and one of her daughters lives near her mother, Washington. Dkts. # 254 at 10, # 252 at 1; see also PSR ¶ 62 (reflecting that one of defendant's partner's daughters "visits regularly"). While the Court is sympathetic to the reality that anyone facing a cancer diagnosis would want the support of their loved ones, it is not clear that defendant's partner lacks the support of other family members during her current health crisis. There is also a dearth of evidence to support defendant's contention that his partner is delaying treatment until his release. Therefore, the Court finds that defendant has failed to meet his burden to demonstrate that "extraordinary and compelling" reasons warrant his compassionate release.[3] The Court finds no manifest error in its previous order denying defendant's relief, and

---

[3] Because the Court has determined that defendant has failed to meet his burden to demonstrate that "extraordinary and compelling" reasons warrant his compassionate release, it need not address the factors set forth in 18 U.S.C. § 3553(a). That said, the Court agrees with the government's analysis of the § 3553(a) factors, see Dkt. # 254 at 11, and the Court concludes that defendant's circumstances do not warrant a reduction in sentence.

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 7

the new facts brought to the Court's attention related to exhaustion do not merit awarding the relief defendant seeks. Accordingly, defendant's motion for reconsideration must be DENIED.

### IV. CONCLUSION

For all the foregoing reasons, defendant's motion for reconsideration (Dkt. # 264) is DENIED.

IT IS SO ORDERED.

DATED this 12th day of March, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 8