UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL A. NIX,<br><br>Defendant. | Case No. CR17-105RSL<br><br>ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on defendant's "Motion for Early Termination of Probation" (Dkt. # 272). Having reviewed the motion, the Government's opposition (Dkt. # 274), and the record herein, the court GRANTS the motion.

On April 5, 2017, defendant was charged by Indictment with nine counts of Attempted Evasion of Payment of Taxes, four counts of Attempted Evasion of Assessment of Taxes, eleven counts of Presentation of Fictitious Financial Obligations, and one count of Corrupt Interference with the Administration of the Internal Revenue Code. Dkt. # 212. In 2018, a jury found the defendant guilty on all 25 counts, and this Court sentenced defendant to a five-year term of imprisonment followed by a five-year term of supervised release and ordered $851,904.94 in restitution to the Internal Revenue Service. Dkt. # 212 at 1–3, 5–6.

Defendant began his term of supervised release on September 23, 2022, and has been compliant on supervision and contributed approximately $288,288.55 towards restitution. *See* Dkt. # 274 at 3. Defendant asserts that he will continue to allocate 10% of all his earnings towards restitution. Dkt. # 272 at 2. Defendant has no prior convictions, and the Government agrees that defendant is "considered a low risk to reoffend." Dkt. # 274 at 3. Defendant now

ORDER GRANTING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE - 1

requests early termination of supervised release. Dkt. # 272. The Government opposes the motion (Dkt. # 273), and the United States Probation Office supports early termination.

After a defendant completes at least one year of the supervised release term, the Court may terminate his term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Defendant's time on supervised release now exceeds one year; therefore, consideration of early termination of supervised release is statutorily permissible. The Court must consider several factors in deciding whether early termination is appropriate, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct and protect the public from further crimes, to provide the defendant with correctional treatment in the most effective manner, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *see United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014). More so, "'exceptionally good behavior by the defendant' may warrant termination of supervised release." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

After careful consideration, the Court finds early termination is appropriate. Defendant has complied with the terms of his supervision, has obtained and maintained employment, has diligently paid a percentage of his income towards restitution, and is at low risk of reoffending. In the Court's view, the factors are sufficient to terminate supervised release.

For the foregoing reasons, defendant's "Motion for Early Termination of Probation" (Dkt. # 272) is GRANTED.

DATED this 20th day of May, 2024.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE - 2